UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AFRICAN METHODIST EPISCOPAL CHURCH | CIVIL ACTION |
| VERSUS | NO. 11-2656 c/w 11-2660 |
| SAINT JAMES MISSION CHURCH, ET AL. | SECTION: "G"(4) |

**ORDER AND REASONS**

This case is comprised of two consolidated civil actions, Civil Action No. 11-2656, which was originally filed in this Court, and Civil Action No. 11-2660, which was filed in the Hammond City Court, Tangipahoa Parish, and removed to this Court.  Currently before the Court is a Motion to Remand Civil Action No. 11-2660.[1]  After considering the motion, opposition, reply, record and applicable law, the Court will **DENY** the Motion to Remand Civil Action No. 11-2660.

**I.  Background**

On September 27, 2011, Saint James Mission Church–Airport Road (the "Saint James Mission Church") filed a Rule to Evict Occupants in the Hammond City Court, Tangipahoa Parish, against the Annual Conference of the African Methodist Episcopal Church in Mississippi and Louisiana (the "AME Church") and against Carlton Galmon, Sr., James Martin, and Otis Lewis (collectively, the "Individual Defendants"). The  Saint James Mission Church recently separated from the AME Church and filed its state action to evict the AME Church and the Individual

---

[1] Rec. Doc. 14.   (Unless otherwise noted, all citations to the Record refer to the main case, Civil Action No. 11-2656).

Defendants, as occupants, from certain property that Saint James Mission Church alleges that it owns.  On October 24, 2011, the AME Church removed this action to this Court, alleging diversity jurisdiction.[2]

On November 23, 2011, Section "B" of this Court consolidated Civil Action No. 11-2660 with Civil Action No. 11-2656.[3]  On November 29, 2011, the consolidated case was transferred from Section "B" to Section "G" of this Court.[4]

In its Notice of Removal in Civil Action No. 11-2660, the AME Church alleges that this Court has diversity jurisdiction over the matter.[5]  Specifically, the AME Church alleges that the "matter in controversy exceeds the sum of $75,000, exclusive of interest and costs" as "[t]he plaintiff has claimed ownership of certain church property and . . . seeks to take the possession and control of said church property, including but not limited to land, buildings and furnishings, the value of which exceeds $250,000."[6]  Concerning citizenship, the AME Church states, "In its pleadings, plaintiff SAINT JAMES MISSION CHURCH-AIRPORT ROAD admits that it is an unincorporated association under the laws of the State of Louisiana and the defendant is informed and believes that plaintiff, was, and still is, a citizen of the State of Louisiana, with its principal place of business

---

[2] Civil Action No. 11-2660, Rec. Doc. 1.

[3] Rec. Doc. 12.

[4] Rec. Doc. 13.

[5] Civil Action No. 11-2660, Rec. Doc. 1 at p. 2.

[6] *Id.*

exclusively in Tangipahoa Parish, State of Louisiana."[7]  With regard to its own citizenship, the AME

Church states:

> Defendant ANNUAL CONFERENCE OF THE AFRICAN METHODIST
> EPISCOPAL CHURCH IN MISSISSIPPI AND LOUISIANA was, at the time of the
> filing of this action, and still is, a corporate citizen of the State of Mississippi and a
> corporation incorporated under the laws of the State of Mississippi and having its
> principal place of business in the State of Mississippi. The defendant ANNUAL
> CONFERENCE OF THE AFRICAN METHODIST EPISCOPAL CHURCH IN
> MISSISSIPPI AND LOUISIANA is an agent and representative of the real party in
> interest, the AFRICAN METHODIST EPISCOPAL CHURCH, a corporate citizen
> of the State of Pennsylvania, incorporated under the laws of the State of
> Pennsylvania and having its principal place of business in the State of Pennsylvania.[8]

The AME Church then admits that the Individual Defendants are "all citizens of the same state as

plaintiff"; however, the AME Church states that the citizenship of the Individual Defendants "should

be disregarded for the purpose of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C.

§ 1441(b) for the reason that they have no personal interest in the dispute over title and ownership

of said property at issue."[9]  Specifically, the AME Church states that Carlton Galmon, "is the duly

assigned pastor of the local society of members of the African Methodist Episcopal Church who

worship at the church in dispute," that Otis Lews "is the duly assigned presiding elder," and that

James Martin "is a member of the African Methodist Episcopal Church at the disputed church."[10]

The AME Church then goes on to state, "These other defendants [the Individual Defendants] are

---

[7] *Id.* at p. 3.

[8] *Id.*

[9] *Id.* at p. 4.

[10] *Id.*

merely members of the African Methodist Episcopal Church and claim no personal interest in the property at issue."[11]

In its Motion to Remand, the Saint James Mission Church claims that this Court does not have diversity jurisdiction over this case because the Individual Defendants and the Saint James Mission Church share the same citizenship.[12]

## II.  Law and Analysis

### A.  Removal and Remand

As a general rule, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[13]  As the removing party, the defendant bears the burden of showing that federal jurisdiction exists.[14]  When determining whether removal is appropriate, district courts recognize that federal courts are courts of limited jurisdiction.[15]  Although a district court must remand the case to state court if it ever appears, before final judgment, that the court lacks jurisdiction, subject matter jurisdiction is fixed at the time of removal.[16]

Thus, if this Court has original jurisdiction over this suit, the AME Church properly removed this case, and the Saint James Mission Church's Motion to Remand must be denied.  However, if

---

[11] *Id.*

[12] Rec. Doc. 14-1 at p. 4.

[13] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[14] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[15] *See e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, Civil Action No. 95-668, 1995 U.S. Dist. LEXIS 10227, at *2 (E.D. La. July 13, 1995).

[16] 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

this Court does not have original jurisdiction over the action, removal was improper and the Saint James Mission Church's Motion to Remand must be granted.

## B.  Diversity Jurisdiction

### 1.    Applicable Law

The AME Church alleges that this Court has jurisdiction over the suit under 28 U.S.C. § 1332, the diversity jurisdiction statute.[17]   Diversity jurisdiction exists when the plaintiffs and defendants are completely diverse at the time of filing.[18]  "When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged."[19]  This burden rests on the party invoking the court's jurisdiction.[20]  "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."[21]   A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business.[22]   In contrast, an unincorporated association must be considered a citizen of every state in which its members reside.[23]

---

[17] Civil Action 11-2660, Rec. Doc. 1 at p. 2.

[18] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[19] *Stafford v. Mobil Oil Corp.* 945 F.2d 803, 804 (5th Cir. 1991) (internal quotations omitted).

[20] *Harvey Constr. Co. v. Robertson-Ceco Corp.*, 10 F.3d 300, 303 (5th Cir. 1994) (internal citations omitted).

[21] *Stafford*, 945 F.2d at 804-05 (internal citations omitted).

[22] 28 U.S.C. § 1332(c).

[23] *See Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) ("We also note the equally well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside.  Since at least some RLDS World Church members are citizens of Texas, the RLDS World Church is deemed a citizen of Texas.") (internal citations omitted).

One exception to the complete diversity requirement is when a non-diverse party is improperly or collusively joined to destroy diversity jurisdiction.[24]  The Fifth Circuit has recognized two ways in which a party may be improperly or fraudulently joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party . . . ."[25]  Under the second method, "joinder is improper if 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'"[26]  "The party seeking removal bears [the] heavy burden of proving that joinder of the in-state party was improper."[27]

The AME Church, the removing party here, claims that the non-diverse Individual Defendants are "nominal parties."  If a party is a "nominal party," a district court may disregard its citizenship.[28]  A party is a "nominal party" for removal purposes when "in the absence of the party, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable."[29]  Alternatively, the test has been articulated as "whether or not a named party's role in the law suit is that of depositary or stakeholder."[30]  The Fifth Circuit has stated that "[t]he bottom line concern in determining a nominal party is whether the plaintiff can

---

[24] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (*en banc*).

[25] *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[26] *Landry v. State Farm Fire & Cas.*, 428 F.Supp.2d, 531, 536 (E.D. La. 2006) (Fallon, J.) (quoting *Smallwood* 385 F.3d at 573).

[27] *Smallwood*, 385 F.3d at 574.

[28] *La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006).

[29] *Id.* (internal quotations omitted).

[30] *Id.* (internal quotations omitted).

establish a cause of action against the nonremoving defendant in state court."[31]   Thus, under both the "fraudulent joinder" and "nominal party" exceptions, the removing defendant must show that the plaintiff cannot establish a cause of action against the non-diverse defendant.

2.      *Parties' Arguments*

In its Motion to Remand, the Saint James Mission Church states that this Court does not have diversity jurisdiction because the Saint James Mission Church is a citizen of Louisiana and the Individual Defendants are also citizens of Louisiana.  The Saint James Mission Church then argues that there is no suggestion that there was actual fraud in the pleading of the jurisdictional facts and next turns to whether the Saint James Mission Church can establish a cause of action against these non-diverse parties such that their citizenship must be considered in determining diversity jurisdiction.

The Saint James Mission Church points to two provisions of the Louisiana Code of Civil Procedure to demonstrate that it has stated a cause of action against the Individual Defendants.  First, the Saint James Mission Church points to Article 4702 of the Louisiana Code of Civil Procedure which states, "When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.  This notice shall allow the occupant five days from its delivery to vacate the premises."[32]   Additionally, the Saint James Mission Church cites Article 4731 of the Louisiana Code of Civil Procedure which states:

---

[31] *Farais v. Bexar Cnty. Bd. of Trs. for MentalHealth Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991).

[32] La. C.C.P. art. 4702.

A. If the lessee or occupant fails to comply with the notice to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall state the grounds upon which eviction is sought.

B. After the required notice has been given, the lessor or owner, or agent thereof, may lawfully take possession of the premises without further judicial process, upon a reasonable belief that the lessee or occupant has abandoned the premises. Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the premises.[33]

Specifically, the Saint James Mission Church states that the allegations in the Rule to Evict Occupants filed in the City Court of Hammond state that it is the owner of the property and that the Individual Defendants, as occupants, are in possession of the property.  Further, the Saint James Mission Church states that these defendants have been notified to vacate the property and have failed to do so.  Additionally, in reply, the Saint James Mission Church claims that someone changed the locks on the property, and the suspicion of having done so has fallen on the non-diverse Individual Defendants.  Thus, the Saint James Mission Church argues that it has stated a claim under the Louisiana Code of Civil Procedure against the non-diverse Individual Defendants.

In opposition, the AME Church states that the action filed by the Saint James Mission Church is a property dispute where the Saint James Mission Church alleges itself to be the owner of the property.  The AME Church then states, "In order to prevail, [the Saint James Mission Church] must first prove its claim of ownership."  The AME Church then argues that the Individual Defendants are nominal parties because they do not claim ownership of the property.

---

[33] La. C.C.P. art 4713.

8

3.      *Analysis*

The codal provisions relied upon by the Saint James Mission Church involve "owners," "occupants," "lessees," and "lessors."  The Individual Defendants in this case do not fit into any of those categories.  Moreover, in the matter pending before the Court, it will be necessary to determine who is the owner of the property as both the AME Church and the Saint James Mission Church claim ownership of the property.  Further, any occupancy by the Individual Defendants has not been claimed on their own behalf; instead, the occupancy to be considered here is that of the AME Church.

This dispute involves competing claims of ownership over property made by the Saint James Mission Church and the AME Church.  Although the Saint James Mission Church alleges that the Individual Defendants are "occupants" and may have changed the locks to the building, it is clear that whatever actions the Individual Defendants took, they were done on behalf of the AME Church and that the AME Church is, in fact, the only alleged "occupant."  As the Fifth Circuit has explained, "[a] corporation can act only through [its] agents."[34]  Thus, for the AME Church to "act," one of its agents must carry out the action, and the Saint James Mission Church has not alleged that the Individual Defendants have acted on their own behalf, rather than as agents of the AME Church.  Accordingly, the AME Church has  met its burden of demonstrating that the Individual Defendants are nominal parties because the Saint James Mission Church does not have a valid claim against the non-diverse Individual Defendants regarding ownership or possession of the property at issue.

---

[34] *FDIC v. Trans Pac. Indus.*, 14 F.3d 10, 12 (5th Cir. 1994).  *See also Eximco, Inc. v. Trane Co.*, 748 F.2d 287, 290 (5th Cir. 1984) ("The trial court adequately instructed the jury that a corporation can only act through agents and employees."); *Wilson v. United States*, 158 F.2d 659, 663 (5th Cir. 1947) ("Since the Manufacturing Company was a corporation, it could act only through agents . . . .")).

Considering that the Individual Defendants' actions were undertaken as agents of the AME Church, who claims ownership over the property that is subject to the Rule to Evict Occupants, this Court must treat the Individual Defendants as "nominal parties" whose citizenship must not be taken into account in determining the Court's diversity jurisdiction.[35]

### III.  Conclusion

Here, it is undisputed that the Saint James Mission Church is a citizen of Louisiana[36] and that the AME Church is a citizen of Mississippi.  The Court has determined that it need not take into account the citizenship of the Individual Defendants as they are "nominal parties."  Therefore, complete diversity among the parties exists, and the Court properly has jurisdiction.  Accordingly;

**IT IS ORDERED** that the Saint James Mission Church's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this __16th__ day of May, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[35] Although the Saint James Mission Church refers to and addresses what it understands as an allegation of federal question jurisdiction in the AME Church's Complaint for Declaratory Judgment in the consolidated case, Civil Action No. 11-2656, in its Motion to Remand here, the Court notes, for the purpose of remand, the Court only considers the Saint James Mission Church's well-pleaded complaint filed in state court and which is the subject of this Motion to Remand.

[36] The Court notes the Saint James Mission Church has not disputed that as an unincorporated association whose citizenship is determined by the citizenship of its individual members, it is a citizen of Louisiana.