UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AFRICAN METHODIST EPISCOPAL CHURCH | CIVIL ACTION |
| VERSUS | NO. 11-2656 c/w 11-2660 |
| SAINT JAMES MISSION CHURCH, ET AL. | SECTION: "G"(4) |

**ORDER AND REASONS**

This case is comprised of two consolidated civil actions, Civil Action No. 11-2656, which was originally filed in this Court, and Civil Action No. 11-2660, which was filed in the Hammond City Court, Tangipahoa Parish, and removed to this Court.[1] Currently before the Court is a Motion to Dismiss Civil Action No. 11-2656 for Lack of Jurisdiction Pursuant to FRCP Rule 12(b)(1).[2] After considering the motion, opposition, record and applicable law, the Court will grant Plaintiff thirty (30) days to amend its complaint to state every state in which the members of Defendant, the Saint James Mission Church, an unincorporated association, reside; and if the parties remain diverse upon such amendment, Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to FRCP Rule 12(b)(1) will be considered denied. If Plaintiff is unable to plead sufficient facts so as to maintain diversity, upon motion of either party, or sua sponte, the Court will address whether federal question jurisdiction is present.

---

[1] The Saint James Mission Church's Motion to Remand Civil Action 11-2660 was denied on May 17, 2012. Rec. Doc. 22.

[2] Rec. Doc. 9.

1

## I. Background

On October 22, 2011, Plaintiff African Methodist Episcopal Church (the "AME Church") filed suit in this suit against Defendants Thomas J. Hogan ("Hogan"), George Gaton, Sr. ("Gaton"), Roger Kennedy ("Kennedy") and Willard Lucien, Jr. ("Lucien"), as well as against the Saint James Mission Church-Airport Road (the "Saint James Mission Church"). The AME Church complains of various actions of the defendants concerning property located in Hammond, Louisiana after the defendants terminated their membership with the AME Church.

In its complaint, the AME Church alleges that this Court has both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[3] Regarding diversity jurisdiction, the AME Church states that it is a "corporate citizen of the State of Pennsylvania, incorporated in the State of Pennsylvania, with its principle [sic] place of business in Pennsylvania."[4] The AME Church further states that Defendants Hogan, Gaton, Kennedy, and Lucien "are all citizens of the State of Louisiana" and that the Saint James Mission Church "is believed to be, and based upon that belief the African Methodist Church alleges, that the Saint James Mission Church-Airport Road is an unincorporated association with all of its operations exclusively in Tangipahoa Parish, Louisiana."[5] Further, the AME Church states, "The property in dispute

---

[3] *Id.* at ¶¶ 3-4.

[4] *Id.* at ¶ 3.

[5] *Id.* The Court notes that an unincorporated association takes on the citizenship of all of its individual members. *See Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) ("We also note the equally well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside. Since at least some RLDS World Church members are citizens of Texas, the RLDS World Church is deemed a citizen of Texas.") (internal citations omitted).

consists of land, church buildings and contents, banking accounts and other personal property, the value of which exceeds $75,000, exclusive of interest and costs."[6]

Regarding federal question jurisdiction, the AME Church states:

This court further has federal question jurisdiction in that the case and controversy before the court raise issues that arise under the First and Fourteenth Amendment to the Constitution of the United States concerning religious freedom and the right of the African Methodist Episcopal Church and its members under the First Amendment to the Constitution of the United States to conduct their religious affairs and exercise their religious beliefs freely in the State of Louisiana.[7]

Defendants have moved to dismiss this action alleging that the Court has neither federal question jurisdiction nor diversity jurisdiction.[8]

## II. Law and Analysis

### A. *Subject Matter Jurisdiction*

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction "must be considered by the district court before any other challenges since the court must find jurisdiction before determining the validity of a claim."[9] Federal courts are considered courts of limited jurisdiction and therefore, absent jurisdiction conferred by statute, federal courts lack the

---

[6] *Id.* at ¶ 6.

[7] *Id.* at ¶ 7.

[8] Rec. Doc. 9.

[9] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted).

3

power to adjudicate claims.[10] Accordingly, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence.[11]

The standard of review for a 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the plaintiff's complaint.[12] A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction.[13] Under a facial attack, the court is only required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true.[14] A "factual" attack, however, is made by providing affidavits, testimony and other evidentiary materials challenging the court's jurisdiction.[15] The Defendants here have made a facial jurisdictional attack of Plaintiff's complaint.

## *B. Diversity Jurisdiction*

### *1. Applicable Law*

The AME Church alleges that this Court has jurisdiction over the suit under 28 U.S.C. § 1332, the diversity jurisdiction statute.[16] Diversity jurisdiction exists when the plaintiffs and

---

[10] *Stockman v. Fed. Election Comm'n.*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

[11] *Stockman*, 138 F.3d at 151.

[12] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] Rec. Doc. 1 at ¶ 3.

4

defendants are completely diverse at the time of filing.[17] "When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged."[18] This burden rests on the party invoking the court's jurisdiction.[19] "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."[20] A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business.[21] In contrast, an unincorporated association must be considered a citizen of every state in which its members reside.[22]

*2. Parties' Arguments*

The Saint James Mission Church's memorandum in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(b)(1) adopts by reference "all of the argument advanced in the motion to remand filed in Civil Action 2:11-02660 (Record document 4) and the reply to the opposition to remand (Record document 18)."[23] The arguments regarding diversity in these filings focus on whether certain individuals, Curtis Galmon Sr., James Martin, and Otis Lewis, who are Louisiana citizens, named as defendants by the Saint James Mission Church

---

[17] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[18] *Stafford v. Mobil Oil Corp.* 945 F.2d 803, 804 (5th Cir. 1991) (internal quotations omitted).

[19] *Harvey Constr. Co. v. Robertson-Ceco Corp.*, 10 F.3d 300, 303 (5th Cir. 1994) (internal citations omitted).

[20] *Stafford*, 945 F.2d at 804-05 (internal citations omitted).

[21] 28 U.S.C. § 1332(c). According to the pleadings in this case, the AME Church is a corporation. Rec. Doc. 1 at ¶ 3.

[22] *See Hummel*, 883 F.2d at 369. According to the pleadings in this case, the Saint James Mission Church is an unincorporated association. Rec. Doc. 1 at ¶ 3.

[23] Rec. Doc. 9-1.

5

in Civil Action 11-2660, should be considered in determining whether the Court has diversity jurisdiction in that action.

In opposition, the AME Church argues:

> In this case, No. 11-2656, the [AME Church], a Pennsylvania Corporation, has filed suit against dissident former Louisiana members . . . . There is complete diversity between the parties and the defendants have not uttered an iota of objection otherwise. There is no challenge to the verified complaint which established that the value of the church building, land, and personal property in dispute greatly exceeds $75,000. Without question and without more, upon establishing diversity of citizenship and meeting the jurisdiction amount, this federal district court . . . has subject matter over this case and controversy between citizens of different states. The defendants have not challenged any of the jurisdictional facts stated in the verified complaint.[24]

*3. Analysis*

By exclusively relying on its memoranda filed in support of its Motion to Remand Civil Action 11-2660, the Saint James Mission Church has failed to challenge any of the AME Church's jurisdictional allegations based on diversity in this action, 11-2656. In those filings, the Saint James Mission Church only argues that the citizenship of defendants Curtis Galmon Sr., James Martin, and Otis Lewis must be taken into account in determining diversity for that case; however, none of those individuals are parties to this action. Because the Saint James Mission Church has not challenged the AME Church's jurisdictional allegations that it is a Pennsylvania citizen, and that all of the defendants are Louisiana citizens,[25] and the amount in controversy exceeds $75,000, the Court is inclined to find that it has jurisdiction over this action based on diversity. If the Court can determine

---

[24] Rec. Doc. 11 at p. 3.

[25] The Court notes the Saint James Mission Church has not disputed that as an unincorporated association whose citizenship is determined by the citizenship of its individual members, it is a citizen of Louisiana.

jurisdiction to exist based on diversity, the Court need not address the parties' arguments concerning whether federal question jurisdiction exists.

### III. Conclusion

The Saint James Mission Church has not challenged any of the allegations regarding diversity jurisdiction made by the AME Church in its complaint in this action. Therefore, the Court finds that AME Church has met its burden to establish that this Court has diversity jurisdiction under 28 U.S.C. § 1332 in Civil Action No. 11-2656; however, the AME Church did not properly plead the citizenship of the Saint James Mission Church, an unincorporated association. Accordingly;

**IT IS ORDERED** that Plaintiff AME Church has thirty (30) days from the date of this order to amend its complaint to state every state in which the members of the Saint James Mission Church, an unincorporated association, reside.

**IT IS FURTHER ORDERED** that if the AME Church can properly allege the citizenship of the Saint James Mission Church members within thirty (30) days so as to retain diversity among the parties, Defendants' Motion to Dismiss for Lack of Jurisdiction Pursuant to FRCP Rule 12(b)(1) is **DENIED**.

**IT IS FURTHER ORDERED** that if the AME Church is unable to retain diversity after identifying the citizenship of the Saint James Mission Church, upon motion of either party, or sua sponte, this Court will address whether federal question jurisdiction is present.

New Orleans, Louisiana, this __18th__ day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**